UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kimberly Ann Henny,   Civ. No. 23-2773 (PAM/DJF)

   Plaintiff,

v.   **MEMORANDUM AND ORDER**

United States of America, Colette Peters, Director of the Federal Bureau of Prisons - sued in their individual and official capacity, Andre Matevousian, Regional Director for the Federal Bureau of Prisons - sued in their individual and official capacity, Warden Michael Segal, sued in their individual and official capacity, Associate Warden Vaught, sued in their individual and official capacity, Captain Koch, sued in their individual and official capacity, Unit Director Parrent, sued in their individual and official capacity, Case Manager Koziolek, sued in their individual and official capacity, Case Manager Jensen, sued in their individual and official capacity, Recreation Director Dann, sued in their individual and official capacity, Dallenbach, Horticulture Director sued in their individual and official capacity, Prince, Education Department Director - sued in their individual and official capacity, Lee, Food Services Director – sued in their individual and official capacity, Director of Safety Nelson, sued in their individual and official capacity, Officer Hodve, sued in their individual and official capacity, H.S.A. Loeffler, sued in their individual and official capacity, Nurse Officer Petersen, sued in their individual and official capacity, Officer Edel, sued in their individual and official capacity, Factory Manager J. Stanek, sued in their individual and official capacity, Officer

Delaskey, sued in their individual and official capacity, Officer Lau, sued in their individual and official capacity, Officer Claudek, sued in their individual and official capacity, Officer Bailey, sued in their individual and official capacity, Officer Theuer, sued in their individual and official capacity, Murillo, Special Populations Coordinator - sued in their individual and official capacity, CMC Coordinator Hillsman, sued in their individual and official capacity, Lt. Tarrant, sued in their individual and official capacity, Kapischke, Housing Unit Director - sued in their individual and official capacity, Dr. Reyna, sued in their individual and official capacity, Dr. Swanson, sued in their individual and official capacity, Mr. Rammler, Mental Health Therapist - sued in their individual and official capacity, Mr. Wanderleich, Mental Health Therapist - sued in their individual and official capacity, and Officer Wanderschied, sued in their individual and official capacity,

                Defendants.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster dated November 27, 2023. (Docket No. 13.) The R&R recommends that all of Plaintiff Kimberly Henny's claims be dismissed with the exception of herclaim under the Federal Tort Claims Act ("FTCA") arising out of her alleged exposure to synthetic cannabinoid smoke during her time at the Federal

Correctional Institution in Waseca, Minnesota.[1]  Henny filed timely objections to the R&R.  (Docket No. 19.)

This Court must review de novo any portion of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b).  After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R.  (Docket No. 13.)

Henny objects to the R&R's conclusion that she failed to plausibly allege most of her claims.  Henny raises a host of claims, many under federal statutes that provide no private right of action.  As the thorough R&R concluded, the vast majority of Henny's claims are without merit.  The Court will address each of her objections in turn.

First, Henny objects to the R&R's recommendation that her FTCA claim be allowed to proceed without prejudice to Defendants' right to seek dismissal of the claim.  Henny's only objection is that the R&R states that Henny "alleges" certain facts and Henny believes that the facts establish her claim.  Preservice review under § 1915 does not allow for factual determinations, and Henny's objection is in any event a quibble with semantics.  This objection is overruled.

Henny next contends that her claim under 18 U.S.C. § 4042 is viable because the alleged statutory violations also violated her constitutional rights.  As the R&R points out, there is no private right of action under § 4042; to the extent that Henny claims a violation of her constitutional rights, those violations do not make out a claim under § 4042.

---

[1] Henny is now incarcerated at the Federal Correctional Institution in Pekin, Illinois.

Moreover, Henny's contention that the BOP's violations of its duties under § 4042 are "clear" violations of the Eighth Amendment's prohibition on cruel and unusual punishment is without merit. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986). Rather, "only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To rise to the level of cruel and unusual punishment, "conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Id. The Department of Justice Inspector General's report on which Henny relies for many of her claims did not highlight any conduct other than, at most, an "ordinary lack of due care for the prisoner's interests or safety." There is no Eighth Amendment violation here and the R&R correctly determined that this claim should be dismissed. Henny's objection to that determination is overruled.

Next, Henny objects to the recommendation that her claim under the CARES Act should be dismissed. She contends that the R&R misconstrued her claim, which is not that she should be placed on home confinement, but that the BOP's failure to put her into home confinement "resulted in permanent and long lasting personal injury." (Docket No. 19 at 3.) As the R&R points out, however, Henny nowhere describes these alleged permanent and long-lasting injuries.

4

But even had Henny alleged such injuries, she has no remedy under Bivens,[2] as she argues.  As addressed above, she cannot make out a claim under the Eighth Amendment for her treatment at FCI-Waseca.  She is correct that the Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs, but she does not claim any particular medical need that the facility failed to address.  Rather, the import of her argument is that all prisoners at FCI-Waseca should have been released during the Covid-19 pandemic because the facility failed to provide adequate medical care.  Although the pandemic was serious, Henny does not claim that she herself had a particular vulnerability to Covid-19—that she had an "objectively serious medical need," Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2019)—such that the alleged lack of medical care constituted deliberate indifference.  The R&R correctly recommended dismissal of this claim and Henny's objection is overruled.

Henny objects to the R&R's conclusion that her claims under 18 U.S.C. §§ 3631-3635 fail because these statutes do not allow for private enforcement of their provisions.  She again argues that the facility's alleged violations of these statutes violated her Eighth Amendment rights; that argument fails for reasons previously discussed.  Because Henny cannot raise claims under these statutes, the R&R appropriately recommended their dismissal.  Henny's objection is overruled.

Henny's next objection is to the R&R's determination that she cannot make out a claim under Bivens.  As the R&R found, Bivens applies only to government officials in

---

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

their individual capacities, not their official capacities. An individual-capacity claim under Bivens requires misconduct on the part of the government official (R&R at 8), and Henny utterly fails to allege any personal misconduct on the part of any of the 32 individual Defendants in this action. She claims that she provided "approximately 500 pages of evidence . . . detailing the[] involvement" of the individual Defendants. (Docket No. 19 at 5.) It is not the Court's responsibility to sift through evidence to support Henny's claims, however. A & L Lab'ys, Inc. v. Bou-Matic, LLC, No. 02cv4862 (PAM/RLE), 2004 WL 2730099, at *4 n.2 (D. Minn. Nov. 29, 2004). And Henny's allegation that Director Peters and Regional Director Matevousian visited FCI-Waseca after the Inspector General's report issued and took no corrective action is insufficient to allege these Defendants' personal involvement in the particular harm Henny claims—exposure to a risk of sexual assault and exposure to synthetic cannabinoid smoke. Henny's allegations do not sufficiently allege the personal involvement of any Defendant in the harms about which she complains, and her Bivens claims are subject to dismissal on that basis.

Henny takes issue with the R&R's determination that her invocation of Bivens constitutes an attempt to extend the reach of that doctrine. But the R&R correctly heeded the Supreme Court's explicit directive that lower courts decline any invitation to extend Bivens beyond its application to three narrow categories of cases. See Hernandez v. Mesa, 140 S. Ct. 735, 742 (2020) (finding that the extension of Bivens to new categories of cases is a "disfavored judicial activity"). Henny believes that her case presents no "special factors" that should cause the Court to pause before extending Bivens, id. at 743, because the Inspector General's report ostensibly documented the misconduct about which she

6

complains. But extending Bivens to cover claims arising out of alleged understaffing at federal prisons is precisely the type of "special factor" that should cause the Court to pause. Should Congress wish to extend Bivens-like liability to claims by inmates regarding staffing levels at federal prisons, and the effect of those staffing levels on prison conditions, it will do so. This Court cannot unilaterally make that determination, however, and Henny's claims under Bivens fail.

Finally, Henny objects to the R&R's determination that her requests for injunctive and declaratory relief must be denied as moot because Henny is no longer incarcerated at FCI-Waseca. Henny objects that she has been irreparably harmed but does not describe that alleged harm, and in any event, injunctive and declaratory relief are prospective, not retrospective, and are not available to redress a past injury that is no longer occurring. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 294 (1997 (O'Connor, J., concurring). To the extent Henny believes that the unsafe conditions at FCI-Waseca persist, she has no standing to pursue such a claim. Moreover, Henny's claims against the individual Defendants will dismissed. Her only remaining claim is against the United States under the FTCA, and no equitable relief is available for such a claim. See 28 U.S.C. § 1346(b) (providing only for money damages for federal tort claims).

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 13) is **ADOPTED**;
2. All of Plaintiff Kimberly Ann Henny's claims in the Complaint (Docket No. 1) except her Federal Tort Claims Act negligence claim against the United

7

States for alleged exposure to synthetic cannabinoid smoke are **DISMISSED without prejudice**;

3. All Defendants except the United States are **DISMISSED without prejudice**; and

4. Henny's requests for injunctive and declaratory relief are **DENIED**.

Dated:   December 20, 2023              *s/Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge