UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimberly Ann Henny, | Civ. No. 23-2773 (PAM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

Plaintiff Kimberly Ann Henny filed this action in 2023 alleging, among other things, that officials of the Federal Bureau of Prisons ("BOP") caused her to be exposed to secondhand synthetic cannabinoid smoke and thereby endangered her health and violated the law. The bulk of Henny's claims were dismissed pursuant to 28 U.S.C. § 1915A shortly after filing, though one claim under the Federal Tort Claims Act ("FTCA") was permitted to go forward. Eventually, that FTCA claim was also dismissed on jurisdictional grounds. Henny did not appeal from the dismissal. Now, though, nearly two years after judgment was entered in this matter, Henny has filed a motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (See Docket No. 53.)

The Motion is denied. As an initial matter, Henny attempts to rely in part upon Rule 60(b)(2), which permits a court to relieve a party from the final judgment in the manner upon an adequate presentation of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Henny provides evidence that she suffered a heart attack in 2024 following the dismissal

of this matter, and she cites that evidence as a basis for revisiting the judgment pursuant to Rule 60(b)(2).  But under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Henny is seeking relief well more than one year after judgment was entered in this matter.  She cannot rely upon Rule 60(b)(2) as a basis for doing so.

Still more importantly, though, Henny's new evidence would not change anything about the outcome of this case.  This matter was not dismissed because Henny lacked evidence to back up her claims; it was dismissed because the Court lacked jurisdiction over Henny's FTCA claim, (see Docket No. 50), and because Henny had not adequately pleaded a claim pursuant to Bivens[1] with respect to any individual defendant named to this action (see Docket No. 20).  Nothing has changed in that regard.  Henny has not submitted a proposed amended complaint, and her earlier pleading would still have all the same problems today that it did two years ago.

There are two additional hurdles.  First, Rule 60(c)(1) does not place a firm time limit on motions for relief under Rule 60(b)(6), the other basis upon which Henny seeks to revisit the judgment in this matter.  Rule 60(c)(1) does, however, require that relief under be sought under Rule 60(b)(6) "within a reasonable time."  The evidentiary basis for Henny's Rule 60(b)(6) motion has been known to her for approximately 18 months.  The

---

[1] See Bivens v. Six Unknown Named Agents, 403 US 388 (1971).

Court cannot say, under the circumstances, that Henny has acted with the kind of diligence expected under Rule 60(c)(1).

Second, Henny seeks to relitigate claims under Bivens, arguing that the new evidence demonstrates that prison officials were deliberately indifferent to her medical needs. Extension of Bivens beyond the context in which remedies under Bivens have already been recognized is strongly disfavored. See, e.g., Farah v. Weyker, 926 F.3d 492 (8th Cir. 2019) (declining to extend Bivens to any context not previously recognized by the Supreme Court); Ahmed v. Weyker, 984 F.3d 564, 567–71 (8th Cir. 2020) (refusing to extend a Bivens claim for any fact pattern that does not mirror the facts and legal issues identified by the Supreme Court). Henny points to Carlson v. Green, 446 U.S. 14 (1980), as matching the deliberate-indifference claim that she seeks to assert, but Henny does not suggest that prison officials failed to provide her with medical care or provided her with medical care that was so substandard that it amounted to a violation of her constitutional rights. Instead, Henny claims that BOP officials ignored prison conditions that ultimately contributed to health problems (which, in turn, were adequately treated). This kind of claim would amount to an extension of Bivens and would thus be doubtful, even if Henny had identified a specific individual against whom she could bring a plausible claim for relief, which she has not.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff Kimberly Henny's

Motion for relief under Rule 60(b) (Docket No. 53) is **DENIED**.

Dated: <u>May 5, 2026</u>                     <u>*s/ Paul A. Magnuson*</u>
                                            Paul A. Magnuson
                                            United States District Court Judge

4